JS 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-04887-JAK (BFMx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | Graux v. Universal Music Group, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| Daniel Torrez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

| Proceedings: | (IN CHAMBERS) ORDER RE DEFENDANT FEID'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND JOINT MOTION TO TRANSFER (DKT. 46); DEFENDANT SUAREZ'S MOTION TO DISMISS (DKT. 50); DEFENDANT SUAREZ MOTION TO STRIKE (DKT. 51); DEFENDANT ICON'S MOTION TO DISMISS (DKT. 64) |
|---|---|

**I.    Introduction**

On June 10, 2024, Sebastien Julien Alfred Graux ("Plaintiff" or "Graux") brought this action against Universal Music Group, Inc. and UMG Recordings, Inc. (collectively, "UMG"); Icon Music S A S ("Icon"); Salomon Villada Hoyos, p/k/a Feid or Ferxxo ("Hoyos" or "Feid"); Alejandro Ramirez Suarez, p/k/a Sky Rompiendo ("Suarez" or "Sky"); and Johan Esteban Espinosa Cuervo, p/k/a Jowan ("Jowan") (collectively, "Defendants"). Dkt. 1.

On August 12, 2024, Feid filed a motion to dismiss and to transfer. Dkt. 33. Also on August 12, 2024, Suarez filed a separate motion to dismiss and a motion to strike Plaintiff's prayer for statutory damages and attorney's fees. Dkts. 38, 39.

On August 26, 2024, Plaintiff filed a First Amended Complaint against Defendants, which is the operative one (the "FAC"). Dkt. 42. The FAC alleges three causes of action for copyright infringement in violation of 17 U.S.C. § 101, *et seq.*, with respect to three of Plaintiff's copyrighted works. Dkt. 42 ¶¶ 77–100. The FAC seeks actual and compensatory damages, including a disgorgement of profits, or, in the alternative, statutory damages for copyright infringement and willful infringement. *Id.* at 18. The FAC also seeks an order requiring Defendants to identify Plaintiff as co-producer on each of the allegedly infringing works, an award of attorney's fees and costs, as well as pre- and post-judgment interest at the maximum legal rate. *Id.*

On September 9, 2024, Feid filed a motion to dismiss the FAC for lack of personal jurisdiction (the "Feid Motion to Dismiss") and a joint motion, with UMG, to transfer venue (the "Joint Motion") to the United States District Court for the Southern District of Florida (collectively, the "Motions"). Dkt. 46. On September 23, 2024, Plaintiff filed an opposition to the Motions (the "Opposition"). Dkt. 65. On September 30, 2024, Feid filed a reply in support of the Motions (the "Reply"). Dkt. 71.

On September 9, 2024, Suarez filed a motion to dismiss the FAC and to transfer the case (the "Suarez

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-04887-JAK (BFMx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | Graux v. Universal Music Group, Inc., et al. | | |

Motion to Dismiss") (Dkt. 50) and a separate motion to strike the prayer for statutory damages and an award of attorney's fees from the FAC (the "Suarez Motion to Strike") (Dkt. 51) (collectively, the "Suarez Motions"). On September 23, 2024, Plaintiff filed oppositions to the Suarez Motions. Dkts. 69, 70. On September 30, 2024, Suarez filed replies in support of the Suarez Motions. Dkts. 76, 77.

On September 23, 204, Icon and Jowan filed a motion to dismiss the FAC (the "Icon Motion to Dismiss") and joined the Joint Motion to transfer. Dkt. 64. On September 30, 2024, Plaintiff filed an opposition to the Icon Motion to Dismiss. Dkt. 75. On October 7, 2024, Icon and Jowan filed a reply in support of the Icon Motion to Dismiss. Dkt. 79.

In accordance with Local Rule 7-15, a determination was made that the motions could be decided without oral argument, and they were taken under submission. For the reasons stated in this Order, the Joint Motion to Transfer is **GRANTED**. The Suarez Motion to Dismiss is **DEFERRED**; the Suarez Motion to Strike is **DEFERRED**; and the Icon Motion to Dismiss is **DEFERRED**.

## II.     Background

### A.     Parties

The FAC alleges that Plaintiff is an individual and a citizen of Belgium. Dkt. 42 ¶ 8.

The FAC alleges that Universal Music Group, Inc., is a Delaware Corporation whose principal place of business is in Santa Monica, California. *Id.* ¶ 10. The FAC alleges that UMG Recordings, Inc., is a Delaware corporation whose principal place of business is also in Santa Monica, California. *Id.* ¶ 9. The FAC alleges that Universal Music Group, Inc., is the parent company of UMG Recordings, Inc. *Id.* ¶ 10. The FAC further alleges that UMG acted through UMG's Universal Music Latin Entertainment division ("UMLE") at all times relevant to the allegations in the FAC. *Id.* ¶ 11.

The FAC alleges that Feid is an individual and a citizen of Colombia. *Id.* ¶ 13.

The FAC alleges that Suarez is an individual and a citizen of Colombia, residing in Miami, Florida. *Id.* ¶ 14.

The FAC alleges that Icon is a Colombian corporation with its principal place of business located in Envigado, Antioquia, Colombia. *Id.* ¶ 12. The FAC alleges that Jowan is an individual, a citizen of Colombia and a representative of Icon. *Id.* ¶ 15.

### B.     Allegations in the FAC

The FAC alleges that Plaintiff is a recording artist known for writing and producing guitar loops for use in music releases for other artists. Dkt. 42 ¶ 34. The FAC alleges that Plaintiff is the sole author and owner of the copyright in the sound recordings and music composition of three works: (1) *GRAUX Sad Crab G#min 81 (Demo)* ("*Sad Crab*"); (2) *GRAUX Angels F#min 89 (Demo)* ("*Angel*"); (3) *GRAUX San Juan Gmin 86 (Demo)* ("*San Juan*"). Dkt. 42 ¶¶ 26, 28, 30.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 2:24-04887-JAK (BFMx) | Date | December 23, 2024 |
| Title | Graux v. Universal Music Group, Inc., et al. | | |

The FAC alleges that, from September 2021 through September 2022, Plaintiff met and collaborated with Jowan and Suarez, the creative team who helped develop Feid's songs titled *Ferxxo 100*, *De Tanto Chimbiar* and *X20X*. *Id.* ¶¶ 35, 40, 41. The FAC alleges that these meetings took place in Colombia and Miami, Florida. *Id.* ¶¶ 37–46. The FAC alleges that Plaintiff provided his copyrighted works *Sad Crab*, *Angel* and *San Juan* to Defendants. *Id.* ¶ 35.

The FAC alleges that UMG released and distributed *Ferxxo 100* on or about June 1, 2022. *Id.* ¶ 27. The FAC alleges that *Ferxxo 100* directly samples *Sad Crab* with very limited changes. *Id.* The FAC alleges that Defendants did not have permission to use *Sad Crab* without compensating Plaintiff; consequently, Defendants allegedly infringed the copyright in the sound recording and music composition of *Sad Crab*. *Id.* The FAC alleges that *Ferxxo 100*'s copyright is registered to UMG and the song was released through UMLE. *Id.* The FAC alleges *Ferxxo 100* was performed by Feid and written by Defendants Feid, Suarez and Jowan. *Id.* The FAC further alleges that Suarez and Jowan are credited as producers of the song. *Id.*

The FAC alleges that UMG released and distributed *De Tanto Chimbiar* ("*De Tanto*") on or about September 1, 2022. *Id.* ¶ 29. The FAC alleges that *De Tanto* directly samples *Angel* and that Defendants did not have permission to use *Angel* without compensating Plaintiff. *Id.* Therefore, the FAC alleges that Defendants have infringed upon the copyright in the sound recording and music composition of *Angel*. *Id.* The FAC alleges that *De Tanto*'s copyright is registered to UMG and the song was released through UMLE. *Id.* The FAC alleges that *De Tanto* was performed by Feid and written by Feid and Jowan. *Id.* The FAC further alleges that Jowan and Icon are credited as producers of the song. *Id.*

The FAC alleges that UMG released and distributed *X20X* on or about September 14, 2022. *Id.* ¶ 31. The FAC alleges that *X20X* directly samples *San Juan* and that Defendants did not have permission to use *San Juan* without compensating Plaintiff. *Id.* Therefore, the FAC alleges, Defendants have infringed the copyright in the sound recording and music composition of *San Juan*. *Id.* The FAC alleges that *X20X* copyright is registered to UMG and the song was released through UMLE. *Id.* The FAC alleges that *X20X* was performed by Feid and written by Feid, Suarez and Jowan. *Id.* The FAC further alleges that Jowan and Suarez are credited as producers of the song. *Id.*

The FAC alleges that Plaintiff provided his copyrighted works to Defendants with the expectation that he would be credited as a co-producer and composer and "also be compensated for his valuable creative contributions." *Id.* ¶ 35. The FAC alleges that Plaintiff "came to understand that the creative team and record label was not interested in providing him with the full credit and compensation that he deserved." *Id.* ¶ 36. The FAC alleges that Plaintiff made several unsuccessful attempts to negotiate credit and compensation with Suarez and Jowan. *Id.* ¶¶ 48–61. The FAC alleges that, after these efforts failed, Plaintiff asked his management team to become involved to avoid further issues involving credits and compensation. *Id.* ¶ 62.

The FAC alleges that, beginning on September 1, 2022, negotiations regarding credit and compensation were handled by Alex Hartnett on behalf of Plaintiff, Rodrigo Prichard on behalf of UMLE and Elizabeth Munera on behalf of Feid. *Id.* ¶¶ 63–70. The FAC alleges that these negotiations continued for almost a year, during which the issues on credits, splits and royalties for the songs remained unresolved. *Id.* ¶ 71.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-04887-JAK (BFMx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | Graux v. Universal Music Group, Inc., et al. | | |

The FAC alleges that, to date, Plaintiff has not received any compensation for Defendants' willful infringement of his works. *Id.* ¶ 76. The FAC further alleges that, while "appearing partially on some credits, to date [Plaintiff] has not been fully credited for each of the songs and was not provided a co-producer credit as promised." *Id.*

### III. Analysis

#### A. The Joint Motion to Transfer Venue

##### 1. Legal Standards

Pursuant to 28 U.S.C § 1404(a), "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The "purpose of [§ 1404(a)] is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.' " *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26, 27 (1960)).

The district court must "adjudicate motions for transfer [of venue] according to an 'individualized, case-by-case consideration of convenience and fairness.' " *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir.2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The moving party bears the burden of proving that an action should be transferred. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citation omitted). To carry this burden, that party "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citation omitted).

*Jones* set forth ten factors that district courts may consider in determining whether the moving party has met its burden: (1) the location where the relevant agreements were negotiated and executed; (2) the District that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' respective contacts with the chosen forum; (5) contacts relating to plaintiff's cause of action that are present in the chosen forum; (6) the difference in the cost of litigation in the two forums; (7) the availability of compulsory process to compel attendance of non-party witnesses; (8) the ease of access to sources of proof in each forum; (9) the presence of a forum selection clause; and (10) any applicable public policy of the forum state. *Jones*, 211 F.3d at 498–99. "[T]hese factors cannot be mechanically applied to all types of cases" and should be considered in light of the controlling "statutory requirements of convenience of witnesses, convenience of parties, and the interests of justice." *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005).

As noted, "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal*, 805 F.2d at 843. There are exceptions to this general principle. Thus, where "plaintiff's choice of forum is a district other than one in which he resides, his choice will be given considerably less weight." *Strigliabotti v. Franklin Res., Inc.*, No. C 04-0883 Sl., 2004 WL 2254556, at *2 (N.D. Cal. Oct. 5, 2004) (citing *Paul v. Int'l Precious Metals Corp.*, 613 F. Supp. 174 (D. Miss. 1985)); *see also Gemini Cap. Grp., Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998) (less deference warranted to a nonresident plaintiff's choice of forum). Further, "less deference is owed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-04887-JAK (BFMx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | Graux v. Universal Music Group, Inc., et al. | | |

to the plaintiff's choice of forum where the operative facts did not occur there." *Lapachet v. Cal. Forensic Med. Grp., Inc.*, No. 16-CV-06959-HSG, 2017 WL 3917209, at *3 (N.D. Cal. Sept. 7, 2017).

      2.    <u>Application</u>

Defendants seek the transfer of this action to the Southern District of Florida. Dkt. 46 at 23. They argue that transfer is warranted because venue is not proper in this District. *Id.* Alternatively, Defendants argue that, even if venue were proper in this District, the Southern District is more convenient for the parties and witnesses. *Id.* Plaintiff responds that venue is proper here because all Defendants are subject to personal jurisdiction in this District. *See* Dkt. 65 at 20 n.4. Further, Plaintiff argues that Defendants have failed to meet their burden of establishing that transfer is warranted. *Id.* at 21. These competing positions are evaluated in the following discussion of the applicable *Jones* factors.

      1.    <u>Convenience of Witnesses</u>

The convenience of witnesses is afforded significant weight in determining whether a transfer is appropriate under Section 1404. *See, e.g.*, *Denver & Rio Grande W. R.R. Co. v. Bhd. of R.R. Trainmen*, 387 U.S. 556, 560 (1967) ("[V]enue is primarily a matter of convenience of litigants and witnesses.") (citation omitted); *A.J. Indus. v. U.S. Dist. Ct.*, 503 F.2d 384, 386–87 (9th Cir. 1974) (discussing the importance of the convenience of witnesses in evaluating a Section 1404 transfer). "[I]f the transfer is for the convenience of witnesses, defendant must name the witnesses it wishes to call, the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them." *Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005); *see also Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1111 (C.D. Cal. 2007) ("The movant is obligated to clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included." (quoting *Fireman's Fund Ins. Co. v. Nat'l Bank for Coops.*, No. C 92-2667 BAC, 1993 WL 341274, at *4 (N.D. Cal. 1993))).

Defendants argue that the convenience of witnesses favors transfer because Miami is a more convenient forum for all parties and witnesses. Dkt. 46 at 25. Defendants argue that the FAC does not identify any witnesses located in this District, and Defendants are not aware of any witnesses or evidence located here. *Id.* at 26. Defendants argue that all witnesses reside either in Miami or another location that is closer to Miami than Los Angeles. *See id.* at 25–26. These witnesses include the representatives who negotiated Plaintiff's credit and compensation for the allegedly infringing works on behalf of Feid and UMG. *See* Dkt. 46 at 26 n.12; Dkt. 71 at 10–11.

Plaintiff responds by disputing Defendants' assertion that there are no witnesses located California. Plaintiff contests the declaration of UMG employee Magda Vives who states that she is not personally aware of representatives of UMLE who have knowledge relevant to the matters at issue who are located in this District. Dkt. 65 at 22 n.7. Plaintiff argues that this is insufficient because Vives does not "affirmatively claim that personnel within UMG or Universal do not have relevant personal knowledge." *Id.* Accordingly, Plaintiff argues that "at best, Defendants' showing is that there are some witnesses with knowledge who are based in Florida, but this is not sufficient to establish that the Southern District of Florida is clearly the more convenient forum." *Id.* at 23. Further, Plaintiff argues that "it is apparent that various witnesses will have to travel fairly long distances" to either forum, and that the parties may utilize remote means for depositions. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-04887-JAK (BFMx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | Graux v. Universal Music Group, Inc., et al. | | |

In reply, Defendants concede, as they must, that UMG's headquarters are in Santa Monica, which is within this District, but argue that "corporate headquarters do not testify." Dkt. 71 at 11. Defendants argue that because Feid is signed to UMLE, a division of UMG based in Miami, "all [UMG] Defendants known to possess relevant knowledge are based in Miami." *Id.* at 11–12.

Plaintiff's arguments are unpersuasive. Although Defendants have not "proven" that there are no potential witnesses with percipient knowledge based in California, Plaintiff has not identified any potential witness who is located in this District. Further, Plaintiff's former counsel who participated in the prior discussions as to the potential treatment of Plaintiff's credit and compensation, reside in New York. *See Arete Power, Inc. v. Beacon Power Corp.*, No. C 07-5167 WDB, 2008 WL 508477, at *9 (N.D. Cal. 2008) ("[A]s [plaintiff's] witnesses do not reside in this district, they would be inconvenienced by travel regardless of where the case is tried."). Further, Defendants have proffered sufficient evidence that the majority of percipient witnesses reside in either Florida or Colombia. *See* Dkt. 71 at 10–11.

Accordingly, this factor weighs in favor of transferring this action to the Southern District. *See Metz v. U.S. Life Ins. Co. in City of N.Y.*, 674 F. Supp. 2d 1141, 1148 (C.D. Cal. 2009) (convenience weighed in favor of transfer to forum where most potential witnesses were located).

    2.  <u>Convenience of the Parties</u>

"The overriding purpose of § 1391(a) is to further the convenience of the parties." *Decker Coal*, 805 F.2d at 842. Therefore, transfer to a new venue is disfavored when it is less convenient for the parties.

Feid and Suarez reside in Miami, Florida. Dkt. 71 at 10. Jowan resides in Colombia, but states that he makes frequent trips to South Florida. Dkt. 64 at 20. Icon is a Colombian corporation that maintains an office in the State of Florida. *Id.* Further, Plaintiff is alleged to be a resident of Belgium. Dkt. 42 ¶ 8. The only party to the action that is a resident of California is UMG. Dkt. 46 at 25. However, UMLE, which is the division of UMG that is involved in the issues relevant to the allegations, is based in Miami. *Id.*

Defendants argue that travel to Florida is more convenient for all non-resident parties as well, because there are direct flights from Medellin, Colombia to Miami, but not to Los Angeles. *Id.* Further, Defendants argue that the flight time and distance from Medellin to Miami is considerably shorter than from Medellin to Los Angeles. *Id.* Additionally, Defendants argue that Brussels, where Plaintiff allegedly resides, is marginally closer to Miami than Los Angeles. *Id.*

Plaintiff argues that "Defendants' repeated allusions to the number of miles and hours required to travel to the Central District of California versus the Southern District of Florida are not compelling" because "it is apparent that various witnesses will be required to travel fairly long distances for trial regardless of the forum." Dkt. 65 at 23.

Defendants' arguments are more persuasive. Although there is no forum that is equally convenient to all parties involved, travel to the Southern District of Florida will be more convenient for the majority of the parties.

Accordingly, this factor weighs in favor of transfer to the Southern District.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-04887-JAK (BFMx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | Graux v. Universal Music Group, Inc., et al. | | |

      3.      <u>Plaintiff's Choice of Forum</u>

There is a strong presumption in favor of deferring to Plaintiff's selection of this District as the venue for these proceedings. *Decker Coal*, 805 F.2d at 843. However, this deference may be offset where the chosen forum lacks a significant connection to the events that underlie the claims advanced in the action. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citation omitted); *see also Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration.") (citation omitted). Likewise, "a Plaintiff's choice of forum is entitled to less deference . . . when the Plaintiff elects to pursue a case outside its home forum.' " *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009).

As noted, Plaintiff is not a California resident, and most of the alleged actions underlying Plaintiff's claims occurred in Florida and Colombia. Therefore, on balance, this factor is neutral.

      4.      <u>Party Contacts with Forum</u>

The Ninth Circuit has explained that

> [i]n judging the weight to be given [to the plaintiff's choice of forum], . . . consideration must be given to the extent both of the defendant's business contacts with the chosen forum and of the plaintiff's contacts, including those relating to his cause of action. If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.

*Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

The contacts by the parties with California are limited. There is no specific evidence that Plaintiff has contacts with California. Further, Plaintiff concedes that the negotiations that led to the alleged infringement took place in Florida and Colombia. *See* Dkt. 42 ¶¶ 37–47. Defendants argue that "the only apparent connection between this case and the Central District of California is the location of Plaintiff's counsel." Dkt. 46 at 26. In reply, Plaintiff argues that the distributor of the songs and the party who is ultimately responsible for having failed to obtain copyright clearance for them is UMG, which is based in Los Angeles. Dkt. 65 at 21–22. Plaintiff further argues that acts of the alleged infringement occurred in this District because Feid "entered the forum multiple times to perform the [allegedly infringing] Songs." *Id.* at 15.

Plaintiff's arguments are insufficient to offset that most of the operative events took place in either Colombia or Miami, and most of the anticipated witnesses reside in one of those locations. Thus, this factor weighs in favor of a transfer to the Southern District.

      5.      <u>Availability of Compulsory Process to Compel Witnesses</u>

"In the Ninth Circuit, the availability of compulsory process to compel attendance of non-party witnesses in the transferee district favors transfer." *Eclipse IP LLC v. Volkswagen Grp. of Am., Inc.*, No. EDCV 12-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-04887-JAK (BFMx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | Graux v. Universal Music Group, Inc., et al. | | |

2087 PSG (SPx), 2013 WL 9935572, at *4 (C.D. Cal. May 10, 2013). Pursuant to Fed. R. Civ. P. 45, a district court may compel a witness to attend a trial through issuance of a subpoena "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Consequently, witnesses based in Florida -- which is more than 100 miles from this District -- are outside of the subpoena power of this Court.

Defendants argue that this factor weighs in favor of transfer because Rodrigo Prichard, a Miami-based attorney who was formerly employed by UMLE, will likely be a significant witness. Dkt. 46 at 12. Prichard was the alleged point of contact for negotiations between UMLE and Plaintiff's New York-based attorneys. *Id.* Prichard is no longer employed by UMLE and, accordingly, Defendants argue that it is material that he could be compelled to testify at a trial in the Southern District but not in this District. *Id.* at 26.

Plaintiff responds that Defendants have failed "to establish that Mr. Prichard is even located in the Southern District of Florida at this time." Dkt. 65 at 24. In reply, Defendants provided a sworn declaration by Prichard confirming that he still resides in Miami-Dade County, Florida. *See* Dkt. 74 ¶ 3.

Plaintiff has not identified any potential, non-cooperating witness who would be subject to compulsory process in this District. Therefore, this factor favors transfer of this action to the Southern District.

\*       \*       \*

Defendants contend that the relative ease of access to evidence and administrative considerations are neutral. Dkt. 46 at 27. Plaintiff argues that Defendants have failed to meet their "burden of establishing, by a clear and convincing showing, the propriety of transfer." Dkt. 65 at 24 (quoting *Aquatic Amusements Assocs., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990)). Plaintiff contends that Defendants have failed to address the issue of where relevant agreements may be located or about the governing law and have not provided "any concrete evidence" as to the relative costs of litigating in the Southern District as opposed to the Central District. *Id.*

Plaintiff's arguments are unpersuasive. Defendant is not required to prove that every factor weighs in favor of transfer. Instead, the test calls for a court to balance the relevant factors to determine if a transfer is warranted.

Balancing the relevant factors shows that transferring this action to the Southern District is justified by the interests of justice and convenience. Plaintiff's choice of forum is the sole factor that weighs against transfer and warrants deference. However, several factors weigh in favor of transfer, including: the parties' respective contacts, or lack of contacts, with this District and the Southern District; the relative convenience of the two districts to all parties and witnesses; and the potential availability of compulsory process for non-party witnesses. Considering all of these factors, while giving deference to Plaintiff's choice of forum, shows that a transfer of the action to the Southern District is appropriate.

For the foregoing reasons, the Motion to Transfer is **GRANTED**, and the action is transferred to the Southern District of Florida.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-04887-JAK (BFMx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | Graux v. Universal Music Group, Inc., et al. | | |

      B.     Feid's Motion to Dismiss; Suarez's Motions to Dismiss and Motion to Strike; and Icon's Motion to Dismiss

Because it has been determined that this action will be transferred to the Southern District of Florida, it is appropriate to defer any rulings on the substantive issues raised by the motions to dismiss or strike. Accordingly, Feid's Motion to Dismiss for Lack of Personal Jurisdiction, Suarez's Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Failure to State a Claim and Motion to Strike, and Icon's Motion to Dismiss for Lack of Personal Jurisdiction are **DEFERRED**.

**IV.**     **Conclusion**

For the reasons stated in this Order, the Joint Motion to transfer is **GRANTED** and this case is transferred to the Southern District of Florida, where the remaining motions may be addressed.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | DT |